## THE PRESIDENT, DIRECTORS AND COMPANY OF THE PRODUCERS' BANK *vs.* WELCOME FARNUM.

A creditor's assent to the discharge of an insolvent debtor is valid, although signed upon the back of the claim before it was proved. So, also, a creditor whose claim is proved in part for his own benefit and in part for the benefit of another person may sign a valid assent to the debtor's discharge, so far as that portion of his claim is concerned which is proved for his own benefit, without assenting for the residue thereof.

A certificate of discharge in insolvency is no bar to an action by a foreign corporation against the payee of a note who indorsed it to thém in blank before its maturity, although the note itself was executed and made payable in this commonwealth, by a citizen thereof.

CONTRACT by the indorsees against the indorser of the following promissory note : " Boston, June 15, 1854. $2000. Four months after date, I promise to pay to the order of W. & D. D. Farnum at Granite Bank two thousand dollars, value received. (Signed) H. M. Holbrook. (Indorsed) W. & D. D. Farnum." No service was made on Holbrook, and the action was prosecuted against Welcome Farnum alone.

It was agreed, in the superior court, that Holbrook, who was a citizen of this commonwealth, made the note, payable to the order of Welcome Farnum, under the name of W. & D. D. Farnum, and that Farnum indorsed the same before its maturity to the plaintiffs at their place of business in Rhode Island, the plaintiffs being a corporation established in that state. The note was duly presented at the Granite Bank in Boston, and, payment not being made, was protested. Farnum afterwards instituted proceedings in insolvency in this commonwealth, and obtained his discharge, the plaintiffs not proving their claim against his estate. Farnum's assets did not pay fifty per cent. of the debts proved, and he did not have the assent of a majority in number and value of his creditors to his discharge, unless certain creditors were reckoned who made oath to their claims before a justice of the peace, and before the allowance thereof assented in writing upon the back of their claims to the granting of a certificate of discharge to him, and whose assents were never filed otherwise than by the filing of the claims with the

assents written thereon ; and unless the assent of S. O. Mead was included, who proved a claim of $15,189.36, and assented to the granting of the certificate only for the amount of $10,100, which was the portion of his claim which was proved for his own benefit, the residue having been proved by him for the benefit of another person, for whom he did not wish to act in relation to the matter of the discharge.

Upon these facts, judgment was rendered in the superior court for the plaintiffs ; and the defendant appealed to this court.

*P. C. Bacon*, for the defendant.

*S. A. Burgess*, for the plaintiffs.

METCALF, J. In this action the indorsees of a note sued Holbrook, the maker, and Farnum, the indorser, jointly, as authorized by the practice act of 1852 and the Gen. Sts. c. 129, § 4. But no service was made upon Holbrook, and the action is prosecuted against Farnum only, who rests his defence on a discharge obtained by him under the insolvent laws of this commonwealth. The plaintiffs deny, first, the validity of this discharge, and secondly, that it is a bar to this action, though it should be held to be valid.

1. The objection to the validity of the discharge is, that as the assets of Farnum did not pay fifty per cent. of the claims proved against his estate, he was not entitled to a discharge, for the reason that a majority in number and value of his creditors, who had proved their claims, did not assent thereto in writing, within six months after the date of the assignment of his property, according to the provisions of *St.* 1848, c. 304, § 9, which was in force when the discharge was granted. It appears, however, that such majority of his creditors, who proved their claims, did seasonably give a written assent to his discharge, if those are to be included who wrote their assent thereto on the back of their claims before they were presented for allowance. And the court are of opinion that an assent to a discharge, though written before the claim is proved, will take effect when the claim is proved, if it be not previously withdrawn, and that it cannot afterwards be withdrawn, without the consent of the court of insolvency.

There can be no doubt that the assent of Mead to the dis-charge was a legal assent that the debtor should be discharged from his (Mead's) personal claim, to wit, to the amount of $10,100.

If any law, in force when the discharge was granted, required that the assent of creditors should be filed, the filing of the claim proved, with the assent written on the back of it, was a suffi-cient filing of the assent. It could not have been filed in any other way.

2. Both the maker and the payee of the note in suit were cit-izens of this state when the note was given and when it fell due; and the payee who indorsed it is still such citizen. He indorsed it, in Rhode Island, to the plaintiffs, a banking com-pany incorporated and doing business in that state. And it is settled that a discharge under our insolvent laws is not a bar to an action against the insolvent party on a contract made by him with a citizen of another state, unless such citizen proves his claim under the proceedings in insolvency. *Savoye* v. *Marsh*, 10 Met. 594, and numerous subsequent cases. But, in this com-monwealth, an exception to this settled doctrine has been made in favor of the maker of a note expressly made payable in this state, whether it be given to a citizen of another state; *Scribner* v. *Fisher*, 2 Gray, 43; or to a citizen of this state who indorses it, before maturity, to a citizen of another state. *Burrall* v. *Rice*, 5 Gray, 539. And Farnum, who is now sued as indorser, contends that his discharge in insolvency is a bar to this action, because, by the decision last cited, a discharge of Holbrook, the maker, under our insolvent laws, would be a bar to an action by the plaintiffs against him. We cannot adopt this view of the law but are of opinion that the indorser's discharge cannot avail him as a bar to the present action. The legal effect of his in-dorsement of the note in blank was an undertaking — a promise implied by law — to pay the note to the indorsees, on the fail-ure of the maker to pay it at the Granite Bank in Boston, upon receiving due notice of such failure. That promise was unre-stricted as to the place of payment, and bound him to pay the note to the indorsees or other holders, either in or out of the

state, wherever they might please to enforce payment. The common learning on this point is thus expressed by Bayley, J.: " Where a person contracts generally to pay a sum of money, he is liable to the creditor everywhere." 14 East, 509. See also *McKim* v. *Willis,* 1 Allen, 512 ; *Aymar* v. *Sheldon,* 12 Wend. 439 ; and *Hatcher* v. *McMorine,* 4 Dev. 122. This case, therefore, must be governed by the decisions in *Savoye* v. *Marsh* and other cases before referred to. Those were cases in which individual citizens of other states were parties ; but corporations established and doing business in other states may be treated as citizens of such states. *Louisville, &c. Railroad Co.* v. *Letson,* 2 How. (U. S.) 497.

The plaintiffs will take judgment against Farnum.